72 F.3d 129
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Kim Venard CALLOWAY, Petitioner-Appellant,
v.
Tom CAMPBELL, Warden, Respondent-Appellee.
 No. 95-5452.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1995.
 
 Before: LIVELY, KENNEDY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Kim Venard Calloway, a Kentucky state prisoner, requests the appointment of counsel on appeal from a district court judgment denying his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Calloway was convicted following a 1991 jury trial of trafficking in cocaine. He entered a guilty plea to being a first degree persistent felony offender and was sentenced to ten years of imprisonment. His conviction and the denial of a motion for post-conviction relief were affirmed by the Kentucky Court of Appeals. Further review was denied by the Kentucky Supreme Court. Additionally, a previous federal habeas petition was dismissed without prejudice for failure to exhaust state remedies. In this petition, Calloway raised eleven different claims under thirteen headings. The district court denied the petition. On appeal, Calloway continues to argue that he was denied effective assistance of counsel for a myriad of reasons, that he was erroneously denied a continuance to obtain the presence of an important witness, that he was denied a speedy trial and compelled to waive his speedy trial rights, that the trial court excluded relevant testimony, and that there was insufficient evidence of his predisposition to commit the crime.
 
 
 3
 Upon review, we first note that the record is incomplete, as it does not contain Calloway's brief to the Kentucky Supreme Court. The respondent, however, has not argued that Calloway procedurally defaulted by abandoning any of the claims raised before the Kentucky Court of Appeals. Even if Calloway had procedurally defaulted on any of his claims, we reject the claims on the merits, thus precluding a showing of prejudice necessary to excuse any procedural default. See United States v. Frady, 456 U.S. 152, 170-72 (1982).
 
 
 4
 After careful consideration of the record, we conclude that Calloway's motion for a continuance was properly denied. The factors relevant to such an analysis include the defendant's diligence in interviewing and procuring the presence of the desired witness, the probability of procuring the testimony within a reasonable time, the specificity of defendant's description of the expected testimony, and whether it is favorable to the defense, unique or cumulative. See Bennett v. Scroggy, 793 F.2d 772, 774 (6th Cir.1986). These factors weigh against Calloway in this case. His attorney interviewed the missing witness and found his testimony to be adverse to the defense. There was no indication when or how the witness would be located. The attorney was unable to vouch for the expected testimony. It is doubtful that the testimony would have helped the defense, and it would have at best been duplicative of Calloway's own testimony.
 
 
 5
 Calloway also makes the conflicting argument that he was denied a speedy trial. The factors relevant to such a claim include the length of the delay, the reasons for the delay, the defendant's assertion of his rights, and any prejudice to the defense. See United States v. Mundt, 29 F.3d 233, 235-37 (6th Cir.1994). In this case, thirteen months elapsed between the filing of the detainer and the trial. The original trial date was postponed when Calloway expressly waived his speedy trial rights in order to obtain new appointed counsel. His assertion of this right also conflicts with his attempts to delay the trial while a writ of prohibition was considered by the Kentucky Court of Appeals, and to obtain a continuance as discussed above. The only prejudice alleged was the absence of testimony which is of questionable relevance to the outcome of the trial. We find no error.
 
 
 6
 In spite of Calloway's numerous assertions of ineffective assistance of counsel, review of the record reveals no deficiency in counsel's performance which prejudiced the outcome of the case. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The remainder of Calloway's claims are similarly meritless.
 
 
 7
 Accordingly, the request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.